IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02844-REB-MJW

JACQUELINE M. MASTRANGELO,

    Plaintiff

v.

WELLS FARGO BANK, N.A.,

    Defendant

---

## PROTECTIVE ORDER ( Docket No. 23-1 )

---

The parties having stipulated and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. The content of any material designated Confidential by any party as set forth herein, including any document or thing produced by any party or third party, any interrogatory answer made by any party, any deposition testimony taken and any exhibit marked by any party in this action, and any other information, document or thing disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure in the course of this litigation, except for published information of any origin and non-published information which is publicly available (hereinafter collectively identified as "Information"), is subject to this Protective Order. All such Information shall be used by the receiving party solely for the pre-trial preparation and trial of the above-styled action and any appeals therefrom, and for no other purpose.

2. Any party to this action, or third party providing information in response to a subpoena, who reasonably believes that any Information constitutes confidential information, including financial information or sensitive "commercial information" within the meaning of

Rule 26(c) of the Federal Rules of Civil Procedure has the right, through its counsel, to designate such Information "CONFIDENTIAL" in accordance with Paragraph 3 below. Information that is designated "CONFIDENTIAL" shall be limited to information that is confidential and implicates common law and statutory privacy interests, including information which the producing party in good faith regards as a trade secret under C.R.S. § 7-74-101, *et seq.*, including confidential business information, confidential commercial information or which implicates privacy interests of the producing party or its agents, employees, officers or directors, and all information that the disclosing party reasonably believes is subject to privacy privileges in Colorado, pursuant to *Stone v. State Farm Mut. Auto Ins. Co.*, 185 P.3d 150, 155 (Colo. 2008); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720 (Colo. 1999); *Leidholt v. District Court*, 619 P.2d 768, 771 (Colo. 1980). Such designated Information will be subject to the terms of this Protective Order, and use or disclosure of Information so designated will be further restricted as set forth in this Protective Order.

3. To designate Information as confidential information, the party disclosing the Information must place upon the document, thing, paper, or other tangible embodiments of the Information, a legend substantially as follows: **CONFIDENTIAL**. Except as otherwise set forth in this Protective Order, non-tangible embodiments of Information must be expressly designated as confidential information subject to this Protective Order at the time of its disclosure or such status may be designated in writing by the disclosing party within a reasonable time after the disclosure.

4. The Information designated "CONFIDENTIAL" as discussed in Paragraph 3 above, including all tangible and non-tangible embodiments, all copies, and the substance of that Information ("Confidential Material"):

  (a) must not be disclosed or distributed by counsel or by any other person properly receiving, viewing, or hearing the Confidential Material ("receiving person") to any person other than to

  (1) attorneys actively working on this case (including their secretaries, paralegals, and other regular employees);

  (2) in-house counsel, legal department personnel or corporate counsel of a party to the extent such disclosure is necessary for trial or pre-trial litigation of the above-captioned action and any appeals;

  (3) the parties and designated representatives of the parties;

  (4) Partners, members, directors, officers, and employees of a party to the extent such disclosure is necessary for trial or pre-trial litigation of the above-captioned action and any appeals;

  (5) independent expert witnesses or consultants hired by counsel for either party, not affiliated with or employed by either of the parties, who are assisting counsel in the trial or pre-trial litigation of this action and any appeals and who are bound by this Order and in compliance with the provisions hereof;

  (6) the Court and its employees;

  (7) any court reporter or videographer reporting a deposition;

  (8) outside vendors who perform scanning, photocopying, data collection and classification, surveys, jury/venue research, mock jurors, and/or similar trial preparation and/or clerical functions, but only for so long as and to the extent necessary to perform those service;

  (9) deponents;

  (10) any other persons to whom the producing party agrees in writing, or on the record at a deposition; and

  (11) other persons by written agreement of the parties.

 (b) must not be used by any person for any other lawsuit or for any purpose other than the trial or pre-trial litigation of this action and any appeals;

      (c)    must not be disclosed to any person within the categories of Paragraphs 4(a)(2), 4(a)(4) or 4(a)(5) unless the provisions of Paragraph 5 of this Protective Order are agreed to and followed; and

      (d)    may only be filed with the Court under ~~seal~~ Restricted Access.

[handwritten margin note: MJW 12-19-14]

5.    Prior to disclosing any Confidential Material to any person described in Paragraphs 4(a)(2), 4(a)(4), or 4(a)(5), counsel for the respective party(ies) must explain the contents of this Protective Order to that person. The receiving person must agree to be bound by the terms of this Protective Order and, for all persons in the categories identified in Paragraphs 4(a)(5) of this Protective Order, must execute an agreement identical to Exhibit 1 to this Protective Order. Counsel for the respective party(ies) must maintain a copy of all signed agreements.

6.    In the event a producing party sends written notice to the receiving party that Information subject to a claim of privilege (e.g., attorney-client privilege or work product immunity) was inadvertently produced, the receiving party shall return, sequester, or destroy such Information (and take reasonable action to retrieve from third parties for return, sequester, or destruction), together with all copies thereof, within five (5) business days. Nothing herein shall waive or limit any party's obligations under Fed.R.Civ.P. 26(b)(5)(B) or, to the extent applicable to inadvertently produced privileged information.

7.    The inadvertent failure to designate a document, testimony, or other Information as Confidential prior to or at the time of disclosure shall not operate as a waiver of the party's right to later designate said document, testimony, or other Information as Confidential. There shall, however, be no liability by the receiving party or their counsel for disclosure of such allegedly Confidential material during the period that said party or counsel did not know that a claim of confidentiality would be made by the producing party.

8. The termination of proceedings in this action will not relieve any person to whom confidential information was disclosed from the obligation of maintaining the confidentiality of such Information in accordance with the provisions of this Protective Order.

9. Upon final termination of this action and any appeals arising therefrom, each party must assemble and, as agreed, must either destroy or return within thirty (30) days all items designated as Confidential Material. The producing party has the option of whether it wants destruction or return of the items designated as Confidential Material, and the producing party will notify the receiving party of its selection. Written verification of destruction must be given immediately after such destruction, and receipt of material returned to the supplier must be acknowledged in writing.

10. Notwithstanding Paragraph 9 above, after the conclusion of the Action and any appeals arising therefrom, counsel of record may retain one copy of any pleadings, correspondence, filings, discovery requests and responses, depositions, expert reports, and attorney work product (including court papers, transcripts, and attorney work product that contain Information or material designated by another party as Confidential Material), but only if submitted to the Court in this action.

11. Any document or testimony transcript designated as Confidential Material pursuant to this Protective Order will be treated pursuant hereto, unless confidentiality is waived in writing by the party asserting it or a Court order is obtained pursuant to Paragraph 12. To aid the Court in considering requests pursuant to Paragraph 12, the parties agree that Confidential Material will not include information that:

    (a) was, is, or becomes public knowledge, not in violation of this Protective Order, as shown by written documents;

    (b) was already known to or in the possession of the receiving party or was developed independently by the receiving party, as shown by written documents;

    (c) after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the party designating the information; or

    (d) the party designating the information agrees in writing that the Confidential Material may be disclosed to a third party under no obligation of confidentiality.

  12. Nothing in this Protective Order forecloses or limits any party from asserting that any Information designated Confidential Material pursuant to this Protective Order is, in fact, not protectable as such within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. If any Information is designated as Confidential Material but is not believed in good faith by any receiving party to be confidential, that party may notify the producing party, in writing, and request a release of confidentiality. If such a release is not forthcoming within fourteen (14) days, the receiving party may apply to the Court for an order requiring the release of confidentiality. If a receiving party contends that Information previously designated as Confidential Material is not entitled to such protection, the Information will nevertheless continue to be treated as so designated until the receiving party either obtains written permission from the producing party to do otherwise, or obtains an order from the Court ruling that the Information does not constitute confidential information. On any motion to the Court regarding a claim of confidentiality, the party seeking to assert confidentiality shall have the burden of proof. The failure to designate Information in accordance with this Protective Order or the failure to object to a designation at a given time does not preclude the later designation of Information as Confidential Material or challenging the propriety of the later designation.

  13. The parties, by written stipulation, may waive all or any part of their rights under this Protective Order and any party may seek an order of the Court modifying this Protective Order. Any party also has the right to move the Court for an order modifying or vacating the restrictions on disclosure imposed by this Protective Order as applied to any item

or items designated pursuant hereto. In the event that a party challenges an assertion of confidentiality, the party asserting confidentiality has the burden of proving that the Information is, in fact, confidential.

14. Nothing herein shall determine the treatment of any Information or Confidential Material for purposes of trial. No party agreeing to this Protective Order or otherwise bound hereby waives or relinquishes any of its rights or objections concerning the treatment, or modification of the treatment, of any Information or Confidential Material for purposes of trial.

15. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents, Information or Confidential Material.

DATED this 19th day of December, 2014.

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO